**Alberto v. Williams**

*James T. Kitson*, for original defendant.

*Robinson & Hoffner*, for additional defendant.

WILLIAMS, P. J., January 23, 1973.—Plaintiffs caused a complaint in trespass to be served on the original defendant, Ralph Williams, on October 23, 1970. The original defendant, on December 17, 1970, filed a praecipe for writ to join Joseph Simelaro as additional defendant, which said writ was served on

January 6, 1971. The complaint of original defendant against additional defendant was served on April 29, 1971, which was more than 20 days after the filing of the praecipe for writ to join additional defendant.

Additional defendant, on May 19, 1971, filed a preliminary objection in the nature of a motion to strike off the complaint for the reason that the complaint was filed more than 20 days after the filing of the praecipe for writ to join additional defendant.

The issue to be determined is whether the joinder of additional defendant was invalidated by reason of an untimely filing of the complaint.

The relevant Pennsylvania Rules of Civil Procedure are: 2252(b), which provides:

"(b) If the person sought to be joined is not a party to the action the joining party may file as of course a praecipe for a writ or a complaint. If the joinder is by writ the joining party shall file his complaint within twenty (20) days from the filing of the praecipe for the writ. The complaint, in the manner and form required of the initial pleading of the plaintiff in the action, shall set forth the facts relied upon to establish the liability of the joining party and the relief demanded"; and 2254(d), which provides as follows:

"(d) If the joinder is commenced by writ, the plaintiff or the additional defendant joined, may move for judgment of non pros in the same manner as in an action of assumpsit, for failure of a defendant to file his complaint and copies of all pleadings theretofore filed in the action, as required by Subdivision (b) hereof"; and 1037(a), which provides as follows:

"(a) If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros."

The precise issue before us has heretofore been twice considered by other courts with contrary results. Anderson v. United Gas Improvement Company, 49 D. & C. 2d 640 (1970), held that the 20-day limitation to file a complaint is not mandatory and failure to file the complaint against an additional defendant within that time did not invalidate the joinder. A contrary conclusion was reached in Dye v. McShea et al., 52 D. & C. 2d 29 (1971).

Rule 2252(b) provides no penalty for failure to file a complaint against the additional defendant within the stated 20-day period. We think this is so because a penalty was already prescribed in rule 2254(d) which provides for judgment of non pros, in the same manner as an action of assumpsit. We are in agreement with the statement in Goodrich-Amram Standard Pennsylvania Practice, 1972 Supplement, page 238: "Rule 2252(b) cannot be read except against 2254(d) which specifically provides what is to happen if Rule 2252(b) is not obeyed."

To properly move for judgment of non pros due to an untimely filing of the complaint, the requirements of rule 1037(a) must be followed. A rule must be entered requiring the original defendant to file a complaint within 20 days after service or suffer a judgment of non pros.

There is likewise before us the petition of the original defendant for leave to file a complaint nunc pro tunc. In view of our conclusion that the preliminary objection must fall, we find no need to rule on this petition.

## ORDER

And now, January 23, 1973, the preliminary objection is dismissed and additional defendant is given 20 days to file a responsive pleading to the complaint of the original defendant.